IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| T-REX PROPERTY AB, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. _____ |
| vs. | § § | |
| RENFROE MEDIA, LLC, | § § | **JURY TRIAL DEMANDED** |
| Defendant. | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT
FOR PATENT INFRINGEMENT**

Plaintiff T-Rex Property AB, by and through its undersigned counsel, files this Original Complaint against Defendant Renfroe Media, LLC as follows:

**NATURE OF THE ACTION**

1.   This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

**PARTIES**

2.   Plaintiff T-Rex Property AB is a company organized and existing under the laws of Sweden with its principal place of business at Vårvägen 6, 18274 Stocksund, Sweden.

3.   On information and belief, Defendant is a limited liability company organized under the laws of the State of Georgia, and is authorized to do business

in Georgia.  On information and belief, Defendant has a place of business at 4611 Ivey Dr., Macon, GA   31206.

## JURISDICTION AND VENUE

4.	This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*., including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5.	On information and belief, Defendant is subject to the jurisdiction of this Court by virtue of maintaining a regular place of business in this Judicial District.  According to Defendant's website www.renfroeoutdoor.com, Defendant maintains billboards in McDonough, Griffin, Morrow, Locust Grove, and Lovejoy, Georgia -- all of which are located in counties in this District and more than one of which is located within this Division.  On information and belief, Defendant is also subject to the jurisdiction of this Court by reason of its acts of patent infringement which have been committed in this Judicial District, and by virtue of its regularly conducted and systematic business contacts in this State. As such, Defendant has purposefully availed itself of the privilege of conducting business within this Judicial District; has established sufficient minimum contacts with this Judicial District such that it should reasonably and fairly anticipate being haled into court in

this Judicial District; has purposefully directed activities at residents of this State; and, at least a portion of the patent infringement claims alleged herein arise out of or are related to one or more of the foregoing activities.

6. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(c) and 1400(b).

## THE PATENTS-IN-SUIT

7. The allegations set forth in the foregoing paragraphs 1 through 6 are hereby re-alleged and incorporated herein by reference.

8. On January 16, 2007, U.S. Patent Number RE39,470, entitled "DIGITAL INFORMATION SYSTEM," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '470 Patent is attached as **Exhibit A** to this Complaint.

9. On August 6, 2002, U.S. Patent Number 6,430,603, entitled "SYSTEM FOR DIRECT PLACEMENT OF COMMERCIAL ADVERTISING, PUBLIC SERVICE ANNOUNCEMENTS AND OTHER CONTENT ON ELECTRONIC BILLBOARD DISPLAYS," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '603 Patent is attached as **Exhibit B** to this Complaint.

10. On June 3, 2008, U.S. Patent Number 7,382,334, entitled "DIGITAL INFORMATION SYSTEM," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '334 Patent is attached as **Exhibit C** to this Complaint.

11. T-Rex is the assignee and owner of the right, title and interest in and to the '470, '603, and '334 patents (henceforth collectively the "patents-in-suit"), including the right to assert all causes of action arising under said patents and the right to any remedies for infringement.

### COUNT I – INFRINGEMENT OF U.S. PATENT NO. RE39,470

12. The allegations set forth in the foregoing paragraphs 1 through 11 are hereby re-alleged and incorporated herein by reference.

13. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least claim 25 of the '470 Patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this District and elsewhere in the United States, digital display boards that operate on a digital information system, which are configured to receive an exposure list comprising three or more of the following items: the information to be displayed, which billboard or billboards the information is to be displayed; when the information is displayed at one or more digital display boards;

and the length of time the information is to be displayed. The exposure list provided to a digital display board is configured to be dynamically updated.

14. Defendant's aforesaid activities have been without authority and/or license from T-Rex.

15. T-Rex is entitled to recover from Defendant the damages sustained by T-Rex as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## **COUNT II – INFRINGEMENT OF U.S. PATENT NO. 6,430,603**

16. The allegations set forth in the foregoing paragraphs 1 through 15 are hereby re-alleged and incorporated herein by reference.

17. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including claim 13, of the '603 Patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, digital display boards located at various geographic locations connected to a network; allowing for scheduling of video or still-image content at selected time slots on selected digital display boards; receiving video or still-image content from a content provider; transmitting the scheduled content to server devices associated with digital display boards;

where the server devices initiate display of the video or still-image content at selected times on one or more digital display boards.

18. Defendant's aforesaid activities have been without authority and/or license from T-Rex.

19. T-Rex is entitled to recover from Defendant the damages sustained by T-Rex as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 7,382,334

20. The allegations set forth in the foregoing paragraphs 1 through 19 are hereby re-alleged and incorporated herein by reference.

21. Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '334 Patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, a digital display board system that generates an exposure list comprising control instructions for coordinating digital display boards with regard to what shall be exposed, when it shall be exposed, where it shall be exposed, and how long it shall be exposed; using a control center for coordinating and controlling electronic displays, wherein the control center is able to create and

update the exposure list in real time with control instruction field via dynamic booking of information in time for exposure for mediators.

22. Defendant's aforesaid activities have been without authority and/or license from T-Rex.

23. T-Rex is entitled to recover from the Defendant the damages sustained by T-Rex as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A. an adjudication that one or more claims of the patents-in-suit have been infringed by Defendant, either literally and/or under the doctrine of equivalents;

B.	an award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement, together with prejudgment and post-judgment interest;

D.	that this Court declare this to be an exceptional case and award Plaintiff reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

E.	any further relief that this Court deem just and proper.


Dated:  March 3, 2015	Respectfully submitted,


	s/ Kevin A. Maxim
	Georgia Bar No. 478580
	Attorney for Plaintiff
	T-Rex Property AB

	THE MAXIM LAW FIRM, P.C.
	1718 Peachtree St., NW
	Suite 599
	Atlanta, GA   30309
	Phone: (404) 924-4272
	Fax:    (404) 924-4273
	E-mail: *kmaxim@maximlawfirm.com*

s/ Steven R. Daniels
Georgia Bar No. 204865
Attorney for Plaintiff
T-Rex Property AB

FARNEY DANIELS PC
800 S. Austin Ave.
Suite 200
Georgetown, TX   78626
Phone: (512) 582-2828
Fax: (512) 582-2829
E-mail:  *sdaniels@farneydaniels.com*

## CERTIFICATION

Pursuant to N.D. Ga. L.R. 7.1(D), counsel for Plaintiff hereby certifies that this document has been prepared with Times New Roman (14 point) font, which font has been approved under L.R. 5.1(C).

s/ Kevin A. Maxim
Georgia Bar No. 478580
Attorney for Plaintiff
T-Rex Property AB

THE MAXIM LAW FIRM, P.C.
1718 Peachtree St., NW
Suite 599
Atlanta, Georgia  30309
Phone: (404) 924-4272
Fax:     (404) 924-4273
E-mail: *kmaxim@maximlawfirm.com*
